UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Jordan, | ) | C/A No.: 9:16-2130-BHH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **Report and Recommendation** |
| vs. | ) | |
| | ) | |
| Travis Bragg, *Warden, FCI Bennettsville*, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Jonathan Jordan, proceeding <u>pro se,</u> filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner presently serving his sentence at the Federal Correctional Institution (FCI) located in Bennettsville, South Carolina. The undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the district judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) D.S.C. Having reviewed the Petition in accordance with the applicable law, the undersigned recommends that it be summarily dismissed.

<u>**Background**</u>

The record reflects that a federal grand jury indicted Petitioner on April 16, 2009 for conspiracy to distribute more than five (5) kilograms of cocaine, more than fifty (50) grams of cocaine base (crack), more than one hundred (100) grams of heroin and a quantity of marijuana in violation of 21 U.S.C. § 846 ("count one") and aiding and abetting and possession with intent to distribute a quantity of cocaine and more than fifty (50) grams of cocaine base (crack), in violation



1

of 21 U.S.C. § 841(a)(1) ("count two"). See United States of America v. Bullock et al., No. 5:09-cr-00104-F-2 (E.D.N.C. 2009). Petitioner pled guilty to count one of the indictment pursuant to a written plea agreement on September 9, 2009 in the Eastern District of North Carolina (the sentencing court). Then, on March 2, 2010, Petitioner was sentenced to a term of imprisonment of 295 months as a career offender. Petitioner's sentence was enhanced based on then existing Fourth Circuit Court of Appeals precedent such that Petitioner's two prior state court convictions for possession with the intent to sell and deliver cocaine qualified as felony offenses for sentencing purposes under United States Sentencing Guidelines § 4B1.1. Petitioner did not file a timely appeal. However, on November 23, 2010, the Fourth Circuit construed correspondence from Petitioner as a notice of appeal that it dismissed as untimely on September 9, 2011. See United States of America v. Jordan, Nos. 10-5254, 5:09-cr-00104-F-2 (4th Cir. Sept. 9, 2011).

On February 24, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 before the sentencing court challenging his classification as a career offender under the United States Sentencing Guidelines. In this motion, he claimed to be entitled to a sentence reduction because, applying the case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the predicate offenses on which the career offender enhancement was based are no longer qualifying offenses. Petitioner also claimed that he was deprived of his right to appeal due to ineffective assistance of counsel. Id. While Petitioner's § 2255 motion was pending, he filed a supplemental motion for alternative relief under 28 U.S.C. §§ 2241 and 1651. On February 3, 2015, the sentencing court dismissed his motion to vacate under § 2255 finding, inter alia, that Petitioner was not denied the effective assistance of counsel and that he was barred by the waiver in his plea agreement from challenging his enhancement as a career offender. The sentencing court also denied Petitioner's request for alternative relief under



2

§§ 2241 and 1651. See Jordan v. United States, Nos. 5:09-cr-00104-F-2, 5:12-cv-0092-F, 2015 WL 450878 (Feb. 3, 2015).[1] The Fourth Circuit dismissed his appeal. United States of America v. Jordan, No. 15-6463, 2015 WL 4497191, 610 F. App'x 276 (4th Cir. July 24, 2015).

On August 5, 2015, Petitioner filed a second motion to vacate under § 2255 based on the then recent case of Johnson v. United States, 135 S. Ct. 2551 (2015). On September 30, 2015 the sentencing court dismissed Petitioner's second § 2255 motion due to Petitioner's failure to prosecute and denied a certificate of appealability. Jordan v. United States, No. 5:09-cr-00104-F-2 at Docket Entry 199.

Petitioner filed the instant § 2241 Petition on June 22, 2016, once again challenging his career offender enhancement under the United States Sentencing Guidelines. At the outset, Petitioner claims that the waiver that he agreed to in the plea agreement does not prohibit his filing the instant motion because his current challenge falls outside the scope of the waiver. Next, relying upon the decision in United States v. Simmons, 649 F.3d 237(4th Cir. 2011), Petitioner argues, as he did in his first § 2255 petition, that he was improperly sentenced as a career offender because the prior offenses used to enhance his sentence no longer qualify as predicate offenses. Finally, Petitioner argues that he is entitled to seek relief under § 2241 because § 2255 relief is inadequate and ineffective to test the legality of his detention. Petitioner asks this court to vacate his prior sentence and resentence him without the career offender enhancement.

---

[1] A federal court may take judicial notice of the contents of its own record, see Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1979), as well as of factual information located in postings on government web sites, see Tisdale v. South Carolina Highway Patrol, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869, at *2 (E.D.La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental website including other courts' records].



**Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, 110 Stat. 1214, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Additionally, pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

**Discussion**

Title 28 United States Code Sections 2241 and 2255 each create a means by which a federal prisoner may challenge his confinement. However, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192,



4

1194 (4th Cir. 1997)). Further, a motion under § 2255 must be filed in the court of conviction, which in this case is the Eastern District of North Carolina. <u>Coleman v. Rivera</u>, No. 9:09-CV-805, 2009 WL 3459220 (D.S.C. Oct. 27, 2009). Conversely, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See <u>In re Vial</u>, 115 F.3d at 1194 n.5. A petitioner cannot challenge his federal conviction and sentence, which is what he is attempting to do here, under § 2241 unless he can satisfy § 2255's savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Significantly, the fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of Petitioner's detention. <u>In re Jones</u>, 226 F.3d at 332. Further, if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss such an unauthorized habeas motion for lack of jurisdiction. <u>Rice</u>, 617 F.3d at 807.

The Fourth Circuit has held that a petitioner must establish all of the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.



5

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Here, Petitioner cannot satisfy the second prong of the savings clause outlined in In re Jones as he provides no factual allegations to plausibly suggest that the conduct for which he was previously convicted - possession with intent to sell and deliver cocaine - is no longer criminal, nor did Simmons decriminalize this conduct. Instead, Petitioner is challenging the legal classification of predicate offenses that were used to determine his *sentence*. The Fourth Circuit has not extended the reach of the savings clause to petitions challenging only one's sentence. United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014)[finding the district court properly determined that a petitioner could not challenge a career-offender enhancement under § 2241].

Since Petitioner challenges only his career offender enhancement and not the criminality of his conduct, he fails to raise a claim cognizable in a § 2241 petition. As such, Petitioner has not met the requirements of § 2255's savings clause, and this Court does not have jurisdiction to consider Petitioner's § 2241 Petition. Petitioner must seek the relief he requests, that his sentence be vacated and that he be re-sentenced, from his sentencing court.

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

October 31, 2016
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

