IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Jordan, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 9:16-2130-BHH |
| v. | ) | |
| | ) | |
| Travis Bragg, *Warden*, | ) | **ORDER** |
| *FCI Bennettsville*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

This matter is before the Court upon Petitioner Jonathan Jordan's pro se petition for a writ of habeas corpus pursuant to 29 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On October 31, 2016, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court dismiss the petition without prejudice based on Petitioner's failure to show that a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention. Petitioner filed objections to the Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole

or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS

In his Report, the Magistrate Judge recommended that the Court summarily dismiss the instant petition based on Petitioner's failure to state a claim cognizable pursuant to § 2241.  As the Magistrate Judge noted, "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1]  *In re Vial*, 115 F.3d at 1194.  Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that

---

[1]  The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

provision . . . or because an individual is procedurally barred from filing a § 2255 motion

. . . ." Id. at n. 5.    The Fourth Circuit has identified circumstances when a federal

prisoner may use a § 2241 petition to attack the legality of a conviction.  Specifically, §

2255 is inadequate or ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme
> Court established the legality of the conviction; (2) subsequent to the
> prisoner's direct appeal and first § 2255 motion, the substantive law changed
> such that the conduct of which the prisoner was convicted is deemed not to
> be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions
> of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, Petitioner challenges only his career offender status and not the criminality

of his conduct; because he is attacking the validity of his sentence, the Magistrate Judge

determined that his claim is one that should be brought under § 2255 (and such motion

must be brought in the court that imposed the sentence, which here is the Eastern District

of North Carolina).  See Poole, 531 F.3d 263, 267, n. 7 ("Fourth Circuit precedent has . .

. not extended the reach of the savings clause to those petitions challenging only their

sentence."); Jones, 226 F.3d at 333-34 (outlining the circumstances in which "§ 2255 is

inadequate and ineffective to test the legality of a conviction").

In his objections to the Report, Petitioner reiterates his claim and asks the Court to

stay its decision until the Fourth Circuit Court of Appeals issues a final decision in Surratt

v. United States, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted (Dec. 2, 2015).  In

Surratt, a Fourth Circuit panel held that Jones requires "actual innocence of a criminal act"

for relief pursuant to § 2241.  Id. at 247.  In addition, the Fourth Circuit appeared to leave

open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of

imprisonment exceeding the statutory maximum for the underlying charge.  *See id.* at 269.

Importantly, however, pursuant to Fourth Circuit Local Rule 35( c), "[g]ranting of rehearing

en banc vacates the previous panel judgment and opinion."  Thus, in light of the controlling

law of *Jones*, the Court finds that Petitioner cannot show that he is entitled to relief under

§ 2241.  *See*, *e.g.*, *Rosario v. F.C.I. Bennettsville*, No. 9:16-33-RBH-BM, 2016 WL

4951163, *3 (Aug. 9, 2016) (declining to stay based on *Surratt* and dismissing a § 2241

petition challenging a sentence enhancement because the petitioner failed to satisfy the

second prong of *Jones* and show that a subsequent change in substantive law deemed

noncriminal the conduct of which he was convicted); *Sullivan v. Warden, SPC-Edenfield*,

NO. 5:16-1211_HMH-KDW, 2016 WL 3162235 (D.S.C. June 6, 2016) (finding the same).

Ultimately, after consideration, the Court agrees with the Magistrate Judge that,

based on the current law, Petitioner has failed to show that § 2255 is "inadequate or

ineffective" to test the legality of his detention, and Petitioner has failed to set forth a claim

cognizable pursuant to 28 U.S.C. § 2241.  Accordingly, it is hereby **ORDERED** that the

Magistrate Judge's Report (ECF No. 12) is adopted and incorporated herein, and this

matter is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

December 6, 2016
Charleston, South Carolina

4